IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case Number: 11 Civ._____ |
| ) | |
| AMANJEET KAUR, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, the United States of America, by its attorney, Stacey I. Young, Trial Attorney, Office of Immigration Litigation – District Court Section, for its Complaint alleges as follows:

### I. JURISDICTION AND VENUE

1. This is an action under 8 U.S.C. § 1451(a) to (1) revoke the citizenship of Defendant, Amanjeet Kaur ("Kaur"); (2) to set aside the March 20, 2008 Order admitting Kaur to citizenship; and (3) to cancel Certificate of Naturalization No. 30807439, issued pursuant to that Order.

2. Plaintiff is the United States of America.

3. Kaur is a naturalized United States citizen whose last address in the United States was at 1019 Lafayette Avenue, Prospect Park, Pennsylvania 19076, which is within the jurisdiction and venue of this Court.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 8 U.S.C. § 1451(a).

5. Venue is proper in this District under 8 U.S.C. § 1451(a).

6. Plaintiff has attached to this complaint the affidavit of Axel Gonzalez, Special Agent, United States Immigration and Customs Enforcement ("Affidavit"), which contains 17

exhibits. The Affidavit shows good cause for this action as required by 8 U.S.C. § 1451(a).

## II. FACTS

7.  Kaur, a native of India, married Surjit Singh ("Singh"), also a native of India, on December 14, 1978.

8.  On May 1, 1993, Singh entered the United States without inspection. He was placed in deportation proceedings with the issuance of an Order to Show Cause, which was personally served on him the same day of his illegal entry.

9.  Singh filed an asylum application in New York, which an immigration judge denied on May 9, 1996.

10. While Singh's appeal of the immigration judge's May 9, 1996 denial was pending, on October 7, 1996, Sing filed a second asylum application. Singh filed the second application under the name "Sukhjit" Sing – a different spelling of his own name – along with a different date of birth. Singh filed the second application in San Francisco.

11. In his second asylum application, Singh alleged to have been subjected to persecution in India. Singh was living in the United States during the time he alleged to have been persecuted in India.

12. The former Immigration and Naturalization Service ("INS") granted Sing's second asylum application on December 3, 1996. The District Adjudications Officer who granted Singh asylum was not aware that Singh had filed an earlier asylum application in another jurisdiction that an immigration judge had denied, or that he had been placed in deportation proceedings. Singh failed to provide this information on his second asylum application, as he was required to do.

2

13. On January 28, 1997, Singh, using the name Sukhjit Singh, petitioned for Kaur as his wife so that she could obtain derivative asylee status, by filing a Refugee/Asylee Relative Petition, Form I-730.

14. The former INS approved Singh's Form I-730 on February 25, 1997, and Kaur was admitted to the Untied States on July 24, 1997 as a derivative asylee.

15. It was only from the original asylum grant to Singh that Kaur, as his spouse, was able to obtain her derivative status as an asylee.

16. The regulation at 8 C.F.R. § 209.2 permits an asylee to adjust her status to that of lawful permanent resident, provided that she (1) has been physically present in the United States for at least one year after having been granted asylum; (2) continues to be a refugee, as that term is defined under 8 U.S.C. § 1101(a)(42), or – like Kaur – is the spouse or child of a refugee; and, (3) is admissible to the United States.

17. After filing a Form I-485, Application for Adjustment of Status, Kaur was granted lawful permanent residence on May 27, 2003, as an AS-7 (spouse of an asylee).

18. On April 26, 2007, Kaur filed an application for Naturalization (N-400), which the United States Citizenship and Immigration Services ("USCIS") approved on March 7, 2008.

19. On March 20, 2008, Kaur was sworn in as a naturalized citizen of the United States.

20. When Singh applied for lawful permanent resident status, USCIS discovered that he had previously been in removal proceedings under another name and alien number, and had an outstanding order of deportation. USCIS denied Sing's application for adjustment of status on July 3, 2008.

21. On July 2, 2008, the USCIS office in San Francisco issued a Rescission Notice to Singh, Kaur, and their four children rescinding their grant of asylum as of July 2, 2008.

### III. DENATURALIZATION STATUTE

22. Under, 8 U.S.C. § 1451(a), this Court must revoke Kaur's naturalization and cancel her Certificate of Naturalization if her naturalization was either:

    (a) illegally procured, or

    (b) procured by concealment of a material fact or by willful misrepresentation.

### IV. CAUSE OF ACTION

**Illegal Procurement of United States Citizenship:**
**Kaur was Not Lawfully Admitted as a Permanent Resident**

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 of this complaint.

24. To qualify for naturalization, an applicant must establish that she was lawfully admitted to the United States as an LPR in accordance with all applicable provisions of the Immigration and Nationality Act. 8 U.S.C. § 1429; *see also* 8 U.S.C. § 1427(a)(1).

25. Pursuant to 8 U.S.C. § 1159, the spouse of an asylee may adjust her status to that of lawful permanent residence if she has been physically present in the United States for at least one year after having been granted asylum, or after having derived her asylum status.

27. Kaur was ineligible for the derivative asylee status that she obtained because it was based on the fraudulent asylum that Singh, her husband, filed as the principal.

28. Because Kaur's later status as a permanent resident was predicated upon the same fraud, Kaur was never lawfully admitted as a permanent resident of the United States.

4

29.  Because Kaur was not lawfully admitted to the United States, she was ineligible to naturalize.

30.  As a person not eligible for naturalization, Kaur illegally procured her naturalization. Accordingly, it must be revoked, as provided for in 8 U.S.C. § 1451(a).

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands:

1.  A declaration that Kaur procured her citizenship and Certificate of Naturalization illegally.

2.  Judgement revoking and setting aside the March 20, 2008 Order admitting Kaur to citizenship and cancelling Certificate of Naturalization No. 30807439.

3.  Judgment forever restraining and enjoining Kaur from claiming any rights, privileges, benefits, or advantages under any document evidencing United States citizenship.

4.  Judgment requiring Kaur immediately to surrender and deliver to the Attorney General her Certificate of Naturalization No. 30807439 and any other indicia of United States citizenship, including but not limited to, any United States passport relating to Kaur.

5.  Such other relief as may be lawful and proper.

//

//

//

//

//

//

Dated: June 13, 2011                                    Respectfully Submitted,

TONY WEST
Assistant Attorney General
Civil Division

COLIN KISOR
Senior Litigation Counsel

 /s/ Stacey I. Young
STACEY I. YOUNG
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-7171
Facsimile: (202) 305-7000
Email: stacey.young@usdoj.gov