

UNITED STATES OF AMERICA )
)
PHILADELPHIA, PENNSYLVANIA )
)
In the Matter of the Revocation ) AFFIDAVIT OF GOOD CAUSE
of the Naturalization of: )
)
Amanjeet Kaur )
A 75 261 082 )

Pursuant to section 1746 of title 28, United States Code, I, Olga Rodriguez, declare under penalty of perjury that the following is true and correct:

I. I am a Special Agent for the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE). In this capacity, I have access to the official records of the DHS, including the immigration files (a/k/a alien file or "A" file) of Amanjeet Kaur, A 75 261 082, and her husband, Surjit Singh, A 72 409 289, who is also known as Sukhjit Singh – A 75 250 506.

II. I have examined the records relating to Amanjeet Kaur (Kaur) and Surjit Singh (Singh). Based on my review of the records, I state, on information and belief, that the information set forth in this Affidavit of Good Cause is true and correct.

III. Kaur obtained her permanent resident status as a derivative asylee of Singh, who, as will be shown here, obtained his asylee status through fraud and concealing a material fact. Thus, Kaur illegally procured her status as a naturalized United States citizen because at the time of her naturalization she had not been lawfully admitted to the United States as a permanent resident.

IV. Kaur was born in Ludhiana, Punjab, India on April 2, 1954. She married Singh on December 14, 1978.

V. Singh, A 72 409 289, entered the United States without inspection on May 1, 1993. He was placed in deportation proceedings with the issuance of an Order to Show Cause which was personally served on him the same day of his illegal entry. He applied for asylum and eventually appeared before an Immigration Judge in New York who, after a full merits hearing, issued an Order on May 9, 1996, denying his requests for asylum under §208 and withholding of deportation under §243(h) of the Immigration and Nationality Act (INA or Act) and granting Singh 30 days voluntary departure. Singh timely filed an appeal of that decision. While his appeal was pending in the case ending with "289," Singh, using the name *Sukhjit* Singh and a different date of birth, filed a second application for asylum in San Francisco on October 7, 1996. Upon that second filing, he was given a different alien number – A 75 250 506. He was personally interviewed at the asylum office in San Francisco and granted asylum on December 3, 1996, effective November 21, 1996. The District Adjudications Officer (DAO) who granted asylum was not aware that Singh had filed a prior asylum application in another jurisdiction using a different name and date of birth. Furthermore, the DAO was not aware that Singh had been placed in deportation proceedings where, after a full hearing, asylum relief had been denied by the Immigration Judge. Singh had failed to reveal this information on the second asylum

application as was required[1]. Additionally, by failing to disclose his prior immigration history, Singh cut off a relevant line of inquiry relating to his eligibility for relief. Because Singh was concealing a material fact, the DAO was not aware that he was in fact committing asylum fraud.

VI. On January 28, 1997, Singh, using the name Sukhjit Singh, petitioned for Amanjeet Kaur as his wife in order for her to obtain derivative asylee status by filing a Refugee/Asylee Relative Petition[2] (Form I-730). The I-730 was approved on February 25, 1997. Amanjeet Kaur was admitted to the United States on July 24, 1997 as a derivative asylee.

VII. The regulations at 8 C.F.R. section 209.2 permit asylees to adjust status to that of lawful permanent resident provided the alien applies for the relief; has been physically present in the United States for at least one year after having been granted asylum; continues to be a refugee as that term is defined under section 101(a)(42) of the Act, or is the spouse or child of a refugee; is admissible to the United States and has not firmly resettled in another country. After filing a form I-485, application for adjustment of status, Kaur was granted lawful permanent residence on May 27, 2003 as an AS-7 (spouse of an asylee). On April 26, 2007, Amanjeet Kaur filed an application for Naturalization (N-400) which was approved on March 7, 2008. Amanjeet Kaur was sworn in as a naturalized citizen of the United States on March 20, 2008. Her naturalization certificate number is 30807439.

---

[1] Question 15 of the application asks if the alien has ever applied for asylum and/or withholding in the U.S. Singh answered "No" to that question.
[2] On that date, Singh filed I-730 petitions for his wife and for 3 of his children. On April 28, 2007, he filed an I-730 petition for another child, his daughter Navpreet Kaur.

3

VIII. Singh's subterfuge was revealed when he himself applied for lawful permanent resident status by filing an application to Register Permanent Residence or Adjust Status (Form I-485). It was discovered that he had previously been in deportation proceedings under another name and alien number (A 72 409 289) and had an outstanding order of deportation in that case. His application for adjustment of status to that of lawful permanent resident was denied on July 3, 2008. Upon further investigation it was discovered that on the dates Singh claimed to have been subjected to persecution in India, he was actually in the United States. Hence, the very foundation of the asylum grant in his case was totally fabricated. Singh was therefore never eligible for asylum and his family members were not eligible to derive asylee status based on that original grant. It was from the original asylum grant to Singh that Kaur, as his spouse, was able to obtain her derivative status as an asylee in order to later obtain status as a permanent resident and eventually apply for and be accorded status as a naturalized citizen of the United States. On July 2, 2008, the United States Citizenship and Immigration Services (USCIS) office in San Francisco issued a Rescission Notice addressed to Singh, his wife and four children rescinding the grant of asylum as of July 2, 2008.

IX. Amanjeet Kaur, wife of Surjit/Sukhjit Singh, illegally procured her citizenship.

   A. Kaur was ineligible for the derivative asylee status that was accorded her because it was based on the fraudulent asylum claim filed by her husband

as the principal. Kaur's subsequent status as a permanent resident was predicated upon that same fraud. Kaur was never *lawfully* admitted as a permanent resident of the United States. Therefore, the grant of citizenship obtained by Kaur was illegally procured because she was not statutorily eligible for this privilege never having obtained lawful permanent resident status in the United States.

X.  Based on the facts outlined in paragraphs IV through VII, good cause exists to institute proceedings pursuant to section 340 (a) of the Immigration and Nationality Act, 8 U.S.C. section 1451 (a), to revoke Kaur's citizenship and to cancel her certificate of naturalization.

XI. The last know address for Amanjeet Kaur is 1019 Lafayette Avenue, Prospect Park, Pennsylvania, 19076.

I declare under penalty of perjury that the facts set forth in paragraphs IV through VII are true to the best of my information and belief.

Dated: 6/10/11

Olga Rodriguez
Special Agent
Immigration and Customs Enforcement
U.S. Department of Homeland Security