IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 2:11-cv-03868-LS |
| | ) | |
| AMANJEET KAUR, | ) | |
| | ) | |
| Defendant, | ) | |

### DEFENDANT'S ANSWER

1. Admitted

2. Admitted

3. Admitted

4. Admitted

5. Admitted

6. Denied - The Defendant has not procured her naturalization unlawfully or by fraud. The Affidavit speaks for itself. The Defendant has done nothing unlawful. There are no exhibits provided in the record as claimed in this item. The Affidavit is incomplete. Material facts are omitted. It does not establish good cause for this action.

7. Admitted

8. Denied - The Defendant was not in the USA prior to July 24, 1997 and has no personal knowledge of the alleged fact.

9. Denied - No personal knowledge.

10. Denied - Same reason as above.

11. Denied - No personal knowledge. Strict proof demanded at trial.

12. Denied

1

13. Denied

14. Denied

15. Admitted

16. The allegation is a conclusion of law

17. Admitted

18. Admitted

19. Admitted

20. Denied

21. Denied - Conclusion of Law

22. Denied - Ms. Kaur's naturalization was not procured illegally, and she did not conceal any material facts or make any willful misrepresentations.

23. Defendant incorporates her answer by reference Paragraphs 1 through 22.

24. Admitted - That Ms. Kaur did establish that she was lawfully admitted at her naturalization examination.

25. Denied that 8 USC§1159(b) references spouse of an Asylee.

26. No allegation to admit or deny.

27. Denied

28. Admitted that Defendant's status was predicated on her husband's. Denied that she obtained her residence by fraud. Denied that Defendant is not lawfully admitted for Permanent Residence.

29. Denied

30. Denied - Ms. Kaur did not illegally procure any immigration benefits or illegally obtain her naturalization. She is a person of good moral character and was legal permanent resident at the time of her naturalization and, therefore, was fully eligible.

## ANSWER TO AFFIDAVIT OF PROBABLE CAUSE

The Affidavit and Complaint contain allegations of and references 17 exhibits. No exhibits have been submitted.

The Affidavit of Probable Cause is factually incomplete. Relevant and controlling facts have not been disclosed by the Plaintiff. This Complaint is subject to a judgement of dismissal on the pleadings. Both Paragraphs 5 and 8 in the Affidavit of Probable Cause are denied as incomplete. The son of Sukhjit Singh, Ranjodh Singh, was granted U.S. naturalization on September 25, 2009. This fact has been concealed from the Court in the Affidavit of Probable Cause. Furthermore, the entire immigration history of the father, Sukhjit Singh (he is also the spouse of the Defendant herein), was disclosed to the U.S. CIS prior to the naturalization of the son. The son, Ranjodh Singh, filed an action in Federal Court (Civil Action No. 093419) wherein a Request for Judicial Naturalization was made under Section 336(b) of the Immigration & Nationality Act. This case was assigned to the Honorable Gene E.K. Pratter, Judge of the United States District Court. A compromise was reached between the United States Attorney's Office, the U.S. CIS and Mr. Ranjodh Singh. The case of Ranjodh Singh was reconsidered by U.S. CIS and it was found by U.S. CIS that Mr. Ranjodh Singh met all eligibility requirements for naturalization (including lawful admission for permanent residence) notwithstanding the derogatory information of the father (Exhibits I and II). Ranjodh's permanent residence was also predicated on the father's asylum (Sukhjit Singh).

It is interesting that the Affidavit of Probable Cause cites facts that occurred 15 years ago but fails to disclose relevant and controlling facts that occurred 24 months ago. An adverse inference

should be drawn against Plaintiff. Therefore, the Affidavit of Probable Cause is invalid and should not support an action for revocation of naturalization.

## AFFIRMATIVE DEFENSES

1. The Plaintiff is barred under the principles of res judicata and collateral estoppel from asserting that Ms. Kaur is not a lawful permanent resident since her son was naturalized on September 25, 2009. The Plaintiff was fully aware of the alleged misconduct by Sukhjit Singh (spouse of Ms. Kaur and father of her son, Ranjodh Singh) and granted naturalization to the son. See Ranjodh Singh v. Evangelia Klapakis, Civ. Action No. 09-3419. Exhibit I. The Plaintiff found Ranjodh to "meet the eligibility requirements for naturalization" notwithstanding the derogatory information relating to Sukhjit Singh (Ranjodh's father).

2. The Plaintiff is barred from revoking the legal permanent residence of Ms. Kaur under the statute of limitations in 8 U.S.C. §1256. Under this section of law the Department of Homeland Security is required to bring an action to rescind the legal permanent residents within five (5) years of the grant of legal permanent residence or is barred from doing so. The permanent residence remains valid for naturalization purposes. Therefore, Ms. Kaur's legal permanent residence was valid nunc pro tunc. Bamidele v. Immigration & Naturalization Service, 99 F.3d 557 (3rd Cir. 1996). Garcia v. Attorney General, 553 F.3d. 724 (3rd Cir. 2009). It is clear in the Bamidele Decision that the holding preserves legal permanent residence for naturalization purposes. Ms. Kaur is the parent and grandparent of U.S. citizens.

Therefore, the Petition for Revocation of Naturalization should be dismissed.

WHEREFORE, the Defendant respectfully requests that this Court dismiss the Complaint of Plaintiff with prejudice.

Respectfully submitted,

09/27/2011  
Dated

/s/ John J. Hykel  
**John J. Hykel, Attorney for Plaintiff**  
**PA Attorney ID 22884**  
**Suite 1300**  
**2 Penn Center Plaza**  
**1500 JFK Boulevard**  
**Philadelphia, PA 19102**  
**215-405-0555**  
**215-405-0449 (fax)**  
**jhykel@aol.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v.                                                    )<br>)<br>AMANJEET KAUR,                            )<br>)<br>Defendant,                                )  | Civil Action No.: 2:11-cv-03868-LS |

### VERIFICATION

I, John J. Hykel, attorney in the above-captioned matter do hereby certify that the Statements of Fact and Law in the attached Answer of Defendant are true and correct to the beswt of my knowledge, information and belief.

Respectfully submitted,

09/27/2011
Dated

/s/ John J. Hykel
**John J. Hykel, Attorney for Plaintiff**
**PA Attorney ID 22884**
**Suite 1300**
**2 Penn Center Plaza**
**1500 JFK Boulevard**
**Philadelphia, PA 19102**
**215-405-0555**
**215-405-0449 (fax)**
jhykel@aol.com

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
District #5
1600 Callowhill Street
Philadelphia, PA 19130



**U.S. Citizenship and Immigration Services**

A75 261 085

September 3, 2009

Ranjodh Singh
1019 Lafayette Avenue
Prospect Park, PA  19076

## DECISION ON MOTION TO REOPEN

On October 24, 2008, the Service sent you a Motion to Reopen the decision to approve your Application for Naturalization, Form N-400, based on the receipt of derogatory information.

On November 10, 2008, through your attorney, a response to the Service's motion was received.

Upon further review, the Service has determined that you meet the eligibility requirements for naturalization.  Therefore, the Motion to Reopen is dismissed.

You will be scheduled to attend a naturalization ceremony.  The notice for the ceremony will be sent by mail.

Sincerely,

Evangelia Klapakis
Field Office Director

cc:  John Hykel

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANJODH SINGH, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 09-CV-3419 |
| EVANGELIA KLAPAKIS, et. al | : | |
| Defendants. | : | |

## STIPULATION FOR VOLUNTARY DISMISSAL

It is hereby agreed by and between the undersigned counsel that plaintiff's claims should be dismissed with prejudice and without costs pursuant to Local Rule of Civil Procedure 41.1(b).

JOHN J. HYKEL, Esq.
Plaintiff
Two Penn Center
1500 JFK Blvd., Suite 1300
Philadelphia, PA 19102
jhykel@aol.com
Telephone: 215-405-0555
Fax:

Dated: 9/08/2009

Respectfully submitted,
MICHAEL L. LEVY
United States Attorney

NICOLE R. MARK, Esq.
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Nicole.Mark@usdoj.gov
Telephone: 215/861-8311
Fax: 215/861-8349

Dated: 09-10-09

AND SO APPROVED:

BY THE COURT:

_____
HONORABLE GENE E.K. PRATTER
Judge, United States District Court

Dated: