## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | 11-3868 |
| v. | ) | |
| | ) | MOTION FOR JUDGEMENT |
| AMANJEET KAUR, | ) | ON THE PLEADINGS |
| | ) | PURSUANT TO RULE 12(c) OF |
| Defendant, | ) | FEDERAL RULES OF CIVIL |
| | | PROCEDURE |

### BRIEF

And Now, Pursuant to Rule 12(c), Defendant, Amanjeet Kaur, by and through her undersigned counsel, John J. Hykel, Esq. and Renee M. Hykel, Esq. hereby moves this Honorable Court for Judgment on the Pleadings and asks that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

### PRELIMINARY STATEMENT

This case presents a classic example of retaliation by the United States Government, who now moves to strip the citizenship of an elderly, law abiding citizen because her spouse, who the Government believes committed misrepresentations, is seeking a waiver in Removal Proceedings based upon the fact that he has a U.S. citizen wife. It is undisputed that Ms. Amanjeet Kaur, a 57-year-old woman, who has lived continuously in the United States since July 24, 1997, has not

1

committed one single illegal act. The government does not move to denaturalize Ms. Kaur by allegations of any wrongful conduct she committed; rather, it references a fraud committed 15 years ago by her husband, which has been known by the Government since 2008, and by its logic, should have barred her son's citizenship, which was granted in 2009.  (See Defendant's Answer to Affidavit of Probable Cause).  The Government's case is legally and factually insufficient and therefore should be dismissed with prejudice.

Under §316 of the Immigration & Nationality Act (hereinafter "INA") 8. U.S.C. 1427, to qualify for naturalization, during the statutory period described under §316 a person must meet the following criteria: 1) she must have been physically present in the United States for 30 months, 2) she must be a resident of the United States for five (5) continuous years, 3) she must, during the five (5) year period, have been a person of good moral character attached to the principles of the Constitution of the United States and  well disposed to the good order and happiness of the United States.  A person must also understand the English language, history, principles and form of Government of the United States.  INA §312, A person must not be opposed to the Government or the laws of the United States or favor any totalitarian forms of Government. INA §313.  The statutory period referred to in §316 is the five (5) year period directly preceding the Application for Naturalization.  The requirements

continue up until the final ceremony for naturalization which usually occurs a few months after the examination on the application by U.S. CIS.  In this case, Ms. Kaur was naturalized on March 20, 2008.  She not only met the requirements for naturalization for the previous five (5) years but has met the requirements for naturalization since her original arrival in the United States on July 24, 1997. It is not disputed that Ms. Kaur has been a person of good moral character for her entire life. She has learned English, passed the English examination and, further, has demonstrated that she is attached to the principles and form of Government of the United States, the U.S. Constitution,  and is well disposed to the happiness and good order of the United States.  The Government now claims that the Defendant did not meet the requirement of lawful admission for permanent residence required under INA §316 and §318.

The Government's claim for denaturalization is barred by the Statute of Limitations, which required the government to rescind or deport Defendant five years after May 27, 2002, the date Ms. Kaur adjusted her immigration status as a lawful permanent resident. *See:* INA, §246(a); *Garcia v. Attorney General of the United States,* 553 F.3d 724 (3d Cir. 2009); *Bamidele v. INS,* 99 F.3d 557 (3d Cir. 1996). The Government is also barred under Section 237(a)(1)(H) Immigration & Nationality Act 8 USC Section 1227(a)(1)(H) which waives misrepresentations for spouses, parents

or sons and daughters of U.S. citizens or permanent residents. See *Matter of Manchisi*, 12 I&N Dec. 132, 137 (BIA 1967) and *Matter of Li Fu*, 23 I&N Dec. 985 (BIA 2006). Assuming the Government can prove the facts stated in its Complaint to set aside the March 20, 2008 Order admitting the Defendant to citizenship, it states no legal claim upon which relief can be granted. Finally, the action is barred under the doctrine of collateral estoppel.

## FACTS

The Defendant, Amanjeet Kaur, is a 57 year old native and citizen of India who has lived in the United States continuously since July 24, 1997. (Complaint Allegation No. 14 hereinafter "C - No. 14").   She is the mother of a citizen of the United States and grandmother of a United States citizen. Nowhere in the Complaint or Affidavit of Cause has the Government alleged that Ms. Kaur has violated any law or ordinance in the United States or any other country. Ms. Kaur was born on July 2, 1954 in India (affidavit of cause No. 4 hereinafter "AC No. 4"). On May 27, 2002, the U.S. CIS granted legal permanent resident status to Ms. Kaur (C - No. 17). On March 20, 2008, U.S. CIS granted naturalization pursuant to INA §316(a) to Defendant, Ms. Kaur (C - No. 19). It is alleged in the Complaint in Allegation No. 20 that the U.S. CIS discovered an alleged fraud on the part of the spouse of Ms. Kaur prior to July 2008 to obtain his asylum status. Based upon the alleged fraud of

4

her spouse and, upon the claim that the permanent residence of the Defendant was conditioned on the Asylum Application of the spouse, the Government concludes that the Defendant has not been lawfully admitted for permanent residence (C - No. 23 through No. 30)[1]. Assuming they can meet their burden of proof for de-naturalization and can prove to this Court that the spouse of Ms. Kaur did misrepresent himself at the time that he received his grant of Asylum by U.S. CIS, that fact, will not establish that Ms. Kaur's legal permanent resident status was unlawful at the time of her naturalization. Again no claim or allegation has been made by the Plaintiff that Ms. Kaur knowingly committed fraud or any illegal activity in this country or any country, as required for denaturalization under INA § 340. Ms. Kaur's lawful permanent resident status has never been set aside in removal proceedings (INA §237), rescission proceedings (INA §246), or any other administrative action. Instead, the Plaintiff advances a technical argument to deprive Ms. Kaur of her legal permanent residence without the legal process mandated in INA §237 or §246 where she could apply for a waiver directly to the Immigration Court. Settled legal authority compels a finding that Ms. Kaur is a lawful permanent resident. The Government is ignoring established precedent. The Government's position, that Ms. Kaur is not a lawful

---

[1]Lawful admission for permanent residence is a requirement for naturalization under INA §316(a) and §318.

permanent resident for naturalization purposes, has never been upheld by the Board

of Immigration Appeals or the U.S. Court of Appeals for the Third Circuit.  As stated

in the Defendant's answer, the law is to the contrary.  *See:* INA, §246(a)*; Garcia v.*

*Attorney General of the United States, supra*; *Bamidele v. INS, supra*, INA

§237(a)(1)(H). *Matter of Manchisi, supra.*

As stated above, the son of the Defendant, Ms. Kaur, Ranjodh Singh, obtained

naturalization from the U.S. CIS on September 25, 2009.  His legal permanent

resident status was also based upon the Asylum Application of the father, Sukhjit

Singh. His legal permanent resident status was obtained exactly the same way as his

mother's.  The naturalization case of Ranjodh Singh was presented pursuant to INA

§336(b) to the Honorable Judge Gene E.K. Pratter, CV-09-3419.  This case was filed

in this Honorable Court on July 29, 2009.  The case was reviewed again by U.S. CIS

and the United States Attorney's office. Finally, the U.S. CIS and the United States

Attorney agreed that the alleged derogatory information of the father, Sukhjit Singh,

even if true, would not form a bar to the naturalization of the son.  (Exhibit I) U.S.

CIS issued a decision dated September 3, 2009 that the derogatory information did

not bar the son, Ranjodh Singh's, naturalization. The case before the Honorable Judge

Pratter was voluntarily dismissed by the parties on September 10, 2009 and Ranjodh

was naturalized on September 25, 2009.  (Exhibit II).  The issues of this case have

already been decided by U.S. CIS and this Honorable Court. Therefore, the Plaintiff is barred under the doctrine of collateral estoppel from bringing this case against the mother.

**QUESTIONS PRESENTED**

1) Was the legal permanent resident status of the Defendant, Ms. Kaur valid on March 20, 2008 at the time of her naturalization, and is the Government now time barred under INA §246 from challenging such status?

2) Is the Government barred under the doctrine of collateral estoppel from bringing this action against Ms. Kaur because in the case against her son's naturalization, the sole issue raised against him was the identical issue of the alleged fraud committed by his father, the issue was litigated and adjudicated favorably for her son.

3) Was the alleged unlawful permanent residence of the Defendant waivable under INA §237(a)(1)(H) at the time of Defendant's naturalization, therefore, rendering her permanent residence valid.

4) Assuming the Governments case is not time barred or barred by the doctrine of collateral estoppel or waiver under §237(a)(1)(H) has the Government failed to allege that Ms. Kaur engaged in illegal conduct, concealed a material fact or made

a willful material misrepresentation to obtain her naturalization as required under

INA §240 to set aside naturalization.

## LEGAL ARGUMENT

### A. Standard of Review

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure

12(c) is analyzed under the same standard as a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6)." *Brown v. DaVita, Inc.,* Slip Copy 2011 WL 5523823

(E.D. Pa. 2011), *citing: Bangura v. City of Phila., 338 F. App'x 261, 264 (3d Cir.

2009).* A motion for judgment on the pleadings tests the legal sufficiency of a claim

in light of the facts pled in the complaint. The motion will only be granted if "the

plaintiffs would not be entitled to relief under any set of facts that could be proved."

*Id., citing: Green v. Fund Asset Mgmt., L.P.,*245 F.3d 214.220 (3rd Cir. 2001). "In

determining whether a plaintiff has stated a claim for relief, the court must view the

facts and inferences to be drawn from the pleadings in the light most favorable to the

nonmoving party." *Id., citing: Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci.

Publishers, Inc.,* 931 F.2d 1002. 1004 (3rd Cir. 1991).

When plaintiff's claim is time barred by the statute of limitations, a motion for

judgment on the pleadings should be granted. *See: Brown v. DaVita, Inc., supra.*

The government carries "a heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship." *Fedorenko v. U.S.*, 449 U.S. 490, 505 (1981), *quoting: Costello v. U.S.*, 395 U.S. 265, 269 (1961). Denaturalized should not be presumed and citizenship should only be taken away where there is **clear, unequivocal and convincing evidence** that leaves the issue of illegality free of doubt. *Id.*, at 506. (emphasis added).

Because the government failed to revoke Ms. Kaur's lawful permanent resident status within the five year statute of limitations required by INA §246(a), its claim for denaturalization is time barred. In addition to being time barred, the Government's claim is barred by the doctrine of collateral estoppel. The Defendant's lawful permanent residence is valid because she was eligible for a waiver under §237(a)(1)(H) at the time of her naturalization. Even if these bars do not preclude the Government's claim it has failed to allege that *Ms. Kaur* committed any illegal act or made any willful, material misrepresentation as required for denaturalization under INA §340. Accordingly, Defendant's motion for judgment on the pleadings should be granted and the Government's case should be dismissed with prejudice.

A

**The Government failed to challenge Ms. Kaur's status as a lawful permanent resident within five years of the date she obtained such status, therefore, the Government's claim for denaturalization is time barred.**

The Government seeks denaturalization of Ms. Kaur based on its argument that her status as a lawful permanent resident was procured through fraudulent conduct of her ex-husband. The government's argument fails because lawful permanent residence status must be rescinded in accordance with INA § 246, which in relevant part states:

> " (a) If, **at any time within five years after the status of a person has been otherwise adjusted under the provisions of section 245** or section 249 of this Act or any other provision of law to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status to such person and canceling removal in the case of such person if that occurred and the person shall thereupon be subject to all provisions of this Act to the same e xtent as if the adjustment of status had not been made. Nothing in this subsection shall require the Attorney General to rescind the alien's status prior to commencement of procedures to remove the alien under section 240 , and an order of removal issued by an immigration judge shall be sufficient to rescind the alien's status." (emphasis added).

Since Ms. Kaur was a lawful permanent resident for more than five (5) years through the adjustment of status process at the time of her naturalization, her permanent residence is not subject to rescission. The law in the Third Circuit is well

settled that rescission is the exclusive remedy to revoke adjustment of status of a permanent resident and that it must commence within five years of the date such status is obtained. INA, §246(a); *Garcia v. Attorney General of the United States,* 553 F.3d 724 (3d Cir. 2009); *Bamidele v. INS,* 99 F.3d 557 (3d Cir. 1996). (See also: *Agarwal v. Napolitano,* 663 F.Supp. 2d 528, 539-541 (W.D. Tex. 2009) USCIS may not deny a naturalization application by claiming that the petitioner lacks lawful permanent resident status *ab initio* by in effect, revoking his lawful permanent resident status without following the procedures set forth in 8 C.F.R. §246.1 and within the five year time period specified in INA, §246(a)[8 U.S.C. §1256]). Ms. Kaur obtained her lawful permanent residence status on May 27, 2002, therefore, because the Government did not move to rescind her status before May 27, 2007, in accordance with INA, §246(a) and 8 C.F.R. §246.1, it is time barred from doing so now.

The Government has not initiated Proceedings to revoke or set aside the lawful permanent resident status of the Defendant. The cases of *Bamidele v. Immigration & Naturalization Services, supra* and *Garcia v. Attorney General, supra* are controlling. It is clear from reading the *Bamidele* case that the failure of the Government to revoke legal permanent resident status under INA §246 will allow the applicant to qualify for naturalization. In the original case decided in the Third

Circuit Court of Appeals in 1958, *Quintana v. Holland*, 255 F.2d 161, 164 the Court stated, "that which is accomplished by a recision of status is pretty harsh. It is comparable to revocation of citizenship about which the Courts have been very keen to make sure that the individual received careful protection. The recision blocks the man on the road to citizenship, and results in banishment from a country where he may have lived a long time as in this case. We think, therefore, that Congress meant to require the Attorney General to take the described action within five (5) years and to be bound by that limitation itself." This quote is cited with approval in *Bamidele, supra*. The Third Circuit stated: "perhaps we are placing a greater premium on the durability of an alien's adjustment of status than our counterparts in the executive branch, but to do less would undermine the security which ought to attend permanent resident status." *Bamidele, supra* at 564. It is clear that this line of cases sought to preserve lawful permanent resident status for citizenship purposes. Therefore, the permanent resident status of the Defendant, Ms. Kaur, is valid for naturalization purposes.

B

**The Government's claim is barred by the doctrine of collateral estoppel because the issue was already litigated and resolved favorably for Ms. Kaur's son, Ranjodh Singh with respect to his naturalization application.**

The use of defensive collateral estoppel, "where a defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost against another defendant," promotes judicial economy and "protects litigants from the burden of re-litigating an identical issue with the same party or his privy." *Parklane Hosiery Company, Inc. v. Shore*, 99 S.Ct. 645, 58 L.Ed. 2d 552 (1979). Whether to apply the doctrine is a matter of discretion by the Court. *Id.* On appeal, the Third Circuit has adopted a plenary review standard for defensive collateral estoppel *Jean Alexander Cosmetics, Inc. v. L'Oreal USA*, 458 F.3d 244 (3d Cir. 2006).

The doctrine of collateral estoppel applies when "1) the identical issue was previously adjudicated; 2) the issue was actually litigated; 3) the previous determination was necessary to the decision; and 4) the party being precluded from re-litigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc.*, 458 F.3d 249. The basis of the government's claim - that her ex-husband, Sukhjit Singh obtained his asylum status through fraud - is subject to collateral estoppel because all four elements are met.

The exact same issue in this case was previously adjudicated in Ms. Kaur's son's naturalization case. Mr. Ranjodh Singh applied for naturalization on April 26, 2007, and on March 7, 2008 Mr. Singh appeared for interview and received notice that his application was recommended for approval. On October 24, 2008, Mr. Singh received a "Motion to Reopen" the district director's decision approving his application for naturalization. See Motion to Reopen, attached as Exhibit III. In the Notice, the Government stated that Mr. Singh's naturalization would be denied because his status as a lawful permanent resident was invalid a result of his father's fraudulent misrepresentation in his asylum application in 1996. See Motion to Reopen, attached as Exhibit III. The argument advanced by the Government to set aside Mr. Ranjodh Singh's status as a lawful permanent resident was the identical argument advanced by the Government in this case. See Motion to Reopen, attached as Exhibit III.

Ranjodh Singh opposed the Government's Motion to Reopen, and sent several follow up correspondences wherein he cited the well settled law that revocation of lawful permanent resident status must commence within five years of obtaining such status. See Opposition and Follow-up Letters, attached as Exhibit V.

Having received no response from the Government, on July 28, 2009, Mr. Ranjodh Singh filed suit in the U.S. District Court Eastern District of Pennsylvania

requesting a *de novo* hearing on his application for naturalization pursuant to INA §336(b). See lawsuit, attached as Exhibit VI. The Government was properly served and had a full and fair opportunity to vigorously litigate the issue in District Court. Through discussions with counsel for the United States, wherein the Government acknowledged the controlling law on this issue, the Government and Mr. Singh agreed to voluntarily dismiss Mr. Singh's suit. See Stipulation for Voluntary Dismissal and Email Correspondence, attached as Exhibit IV.

Pursuant to the Voluntary Dismissal of Mr. Singh's federal lawsuit, the U.S. CIS issued a Decision on its Motion to Reopen, wherein it acknowledged that Mr. Singh met the eligibility requirements for naturalization and agreed to schedule his oath ceremony.  See Decision on Motion to Reopen, attached as Exhibit I.  He was naturalized by U.S. CIS.

Ms. Kaur and her son, Mr. Ranjodh Singh have identical immigration records. Both Ms. Kaur and her son obtained derivative asylee status through the primary applicant, Mr. Sukhjit Singh. Both Ms. Kaur and her son adjusted their status to lawful permanent residents on May 27, 2002. Both Ms. Kaur and her son have been upstanding members of society, who have lived continuously in the United States since their arrival and have been persons of good moral character.

The issue as to the lawful permanent resident status of the derivative beneficiaries of Mr. Sukhjit Singh, who adjusted more than five years ago has already

been litigated by the Plaintiff and the issue was adjudicated. The issue of Mr. Sukhjit

Singh's alleged fraud was not merely necessary to the adjudication of Ranjodh

Singh's naturalization, it was *the only issue* which obstructed a grant of his

citizenship. Indeed, after the well-established law was brought to the attention of the

Government, it withdrew its case against Ranjodh Singh and granted his application

for naturalization.  "Because litigants are likely to view an issue that is necessary to

the resolution of a case as important, and to litigate it vigorously, it is fair to give such

a determination preclusive effect." *Jean Alexander Cosmetics, Inc.*, 458 F.3d 250,

*citing: Wickham Contracting Co, Inc. v. Bd. of Educ. of City of New York, 715 F.2d*

*21. 28 (2d Cir. 1983).*

C
**Ms. Kaur's legal permanent resident status was valid for naturalization**
**purposes because she was waiver eligible under INA 237(a)(1)(H)**

The applicant is the mother of a United States citizen.[2] The case of her son,

Ranjodh Singh, has not been brought before this Court for de-naturalization.

Therefore, he retains his citizenship status and his legal permanent residence is not

disputed.  Since Ms. Kaur is the mother of a United States citizen she qualifies as a

non-deportable alien under INA 237(a)(1)(H).  An alien who gained entry into the

United States with an immigrant visa procured by fraud or misrepresentation, and

---

[2]At the time of Ms. Kaur's naturalization her son, Ranjodh, was a legal permanent
resident.  She also has a legal permanent resident daughter and U.S. citizen grandchild.

who qualifies as a non-deportable alien under the authority of 241(f)[3], may be cleared of the illegality which attached to the visa and to the entry and is considered as alien lawfully admitted for permanent residence.  See *Matter of Manchisi*, 12 I&N Dec. 132, 137 (BIA 1967).  The waiver applies and does not need to be formally granted. See: U.S. CIS interps. §318.5.[4]

## INA § 237(a)(1)(H)]

*(H) Waiver authorized for certain misrepresentations*

"The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 212(a)(6)(C)(i), whether willful or innocent, may, in the

---

[3]241(f) was the counterpart to 237(a)(1)(H) under prior law.  241(f) was amended and reorganized and redesignated §241(a)(1)(H) under §602 of the Immigration Act of 1990, Act of Nov. 29, 1990, Pub. L. No. 101-649, 104 Stat. 4978.  The grounds of deportation were changed again under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA), Pub. L. No. 104-208, 110 Stat. 3009.  Former INA 237 was struck out by §305(a)(1) of IIRAIRA.  INA §237 was formerly designated as INA §241, but then it was re-designated as INA §237 by Sec. 305(a)(2) IIRAIRA.

[4]The interpretations can be found on the U.S. CIS website and it is stated in the preamble that interpretations were created to supplement and clarify the provisions of the statute and regulations as interpreted by the Courts.  These materials are not included in the regulations because they deal generally with procedural matters and do not deal directly with application and benefit requirements.  They are useful to help understand how the DHS Bureaus perform their different immigration services and enforcement functions.  **Interpretation 318.5: "offensive waiver of deportability under §241(f) on the status of lawfully admitted for permanent residence"** with exceptions noted below, an alien who gained entry into the United States with an immigrant visa procured by fraud or misrepresentation who qualifies as a non-deportable alien under the authority of §241(f), is thereby cleared of the illegality which attached to the entry and is considered as an alien lawfully admitted for permanent residence...."

discretion of the Attorney General, be waived for any alien (other than an alien described in paragraph (4)(D)) who -

(i) (I) is the spouse, parent, son or daughter of a citizen of the United States or of an alien lawfully

admitted to the United States for permanent residence; an

(II) was in possession of an immigrant visa or equivalent document and was

otherwise admissible to the United States at the time of such admission except for

those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of

section 212(a) which were a

direct result of that fraud or misrepresentation.

(ii) is a VAWA self-petitioner.

A waiver of removal for fraud or misrepresentation granted under this subparagraph shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation"

It has also been held that this same rule is applicable to an alien who procured an immigrant visa or adjustment of status to permanent resident in good faith, unaware that fraud or misrepresentation in connection therewith had been practiced by the spouse. *Petition of Naturalization Yuen Lan Hom*, 289 F.Supp 204 (1968). See also: *Matter of Li Fu*, 23 I&N Dec. 1985 (BIA 2006) where it was held that §237(a)(1)(H) of the Immigration & Nationality Act authorizes a waiver of removability based upon

charges of inadmissibility at time of admission or for a lack of an immigrant visa or valid entry document as well as for fraud or willful misrepresentation of a material fact. This case stands for the proposition that even if the applicant was unaware of irregularities in her admission as a permanent resident she qualifies as a non-deportable alien under the authority of INA 237(a)(1)(H). See also: *Matter of Manchisi, supra*. Therefore, the Defendant's status as a legal permanent resident was valid at the time of her naturalization.

Congress inserted the waivers under §237(a)(1)(H) and §212(i) and the statute of limitations under INA §246 to forgive fraud for persons who have lived in the United States for many years and for persons who have family members in the United States that are permanent residents or citizens. It is clear that the interests of family unification and allowing long time residents to remain in the United States were greater interests than prosecuting an individual for misrepresenting on an application for visa. The waivers and statute of limitations are even more justified in Ms. Kaur's case since she has been guilty of no misconduct whatsoever.

D

**Ms. Kaur did not procure her citizenship through any illegality, concealment of a material fact or by willful misrepresentation, therefore, the Government's claim fails as a matter of law.**

The Government moves to denaturalize Ms. Kaur pursuant to INA § 340 [8 U.S.C. 1451(a)], which in relevant part states:

"It shall be the duty of the United States attorneys...to institute proceedings...for the purpose of revoking or setting aside the order admitting such person to citizenship and cancelling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation...."

INA §340.

Denaturalization based on material misrepresentation requires four independent elements: "(1) the naturalized citizen must have misrepresented or concealed some fact, (2) the misrepresentation or concealment must have been willful, (3) the fact must have been material, and (4) the naturalized citizen must have procured citizenship as a result of the misrepresentation or concealment. *Kungys v. U.S,* 485 U.S. 759, 767 (1988). Determination of materiality is therefore a mixed question of law and fact. *U.S. v. Gaudin,* 115 S.Ct. 2310, 2319 (1995). The government must establish a factual case proving that the naturalized citizen procured the naturalization decision by unlawful conduct. *U.S. v. Stelmokas,* 100 F.3d 302, 337-42 (3d Cir. 1996). Ms. Kaur engaged in no unlawful conduct, concealed no material fact and

made no willful misrepresentation to obtain her citizenship or any other immigration benefit. Ms. Kaur has never been arrested. Her lawful permanent residence status has never been the subject of revocation or rescission. The Government in this case is asking this Honorable Court to declare the permanent resident status of the Defendant to be invalid without first having to rescind or deport the applicant. If this Court makes this finding, the applicant would be barred for life from ever obtaining U.S. citizenship. It is not disputed by the Government that it cannot deport the applicant or take away her legal permanent resident identification card. This is well settled under *Bamidele, supra* and *Garcia, supra*. Instead they seek to bar a law abiding citizen from citizenship for the rest of her life based this technical argument. I respectfully submit that this is too harsh and is not in accordance with the law. Furthermore, by not initiating Removal Proceedings she is being denied her opportunity to apply for th waiver under INA §237(a)(1)(H) directly to the Immigration Court.

The Government is attempting to retaliate against the Defendant because she has filed a visa petition under INA §201(b) and INA §204 on behalf of her husband who is currently in Removal Proceedings before the Immigration Court. Mr. Singh has also rquested waivers of fraud under INA §237(a)(1)(H) and INA §212(i), based upon his wife's status as a citizen. The Government has decided after 3½ years to try to de-naturalization Ms. Kaur for this reason and this reason alone. If there was

another reason to do this, I ask why the action was not initiated at a sooner date. Why was the son naturalized in 2009? The Government has no excuse. This is done solely to try to get her husband deported and to retaliate against her for coming to his aid. "The right of a person to become a naturalized citizen of the United States shall be not denied or abridged because of the race or sex or because such person is married." INA §311.

The Removal Proceedings for the Defendant's spouse is currently ongoing in Immigration Court. The spouse, Sukhjit Singh, has applied for a waiver of the alleged fraud under 237(a)(1)(H) and also under 212(i). If these waivers are granted, the misrepresentation of the spouse which is the basis of the Government's de-naturalization suit, would be forgiven *ab initio*. Is it possible that this Court would de-naturalized Ms. Kaur based upon the alleged prior fraud of the husband and that the Immigration Court in Philadelphia would grant a waiver of that fraud and allow the husband, Sukhjit, to keep his asylum status. This would be create an anomality. This Court should dismiss this de-naturalization action. The Immigration Court should decide the issues.

Therefore, Ms. Kaur under *Matter of Manchisi, supra,* a firmly settled precedent, was eligible for naturalization because her permanent resident status was waiveable. I respectfully submit that this Honorable Court also has the authority to exercise the waiver under §237(a)(1)(H) *nunc pro tunc* within its discretion as a

naturalization authority and, therefore, validate the lawful permanent resident status of Ms. Kaur as originally granted on May 27, 2002.  See INA §310(c).

The Immigration Court in Philadelphia is currently charged with deciding whether or not the spouse of Ms. Kaur, Sukhjit Singh, has committed misrepresentations and whether or not he would be eligible for the waivers through the wife.  The Immigration Court would make the determination as to whether or not the wife, the Defendant, here is a legal naturalized citizen.  It is unnecessary for this Honorable Court to make this decision.

Assuming that the Plaintiff, after a full trial, is able to prove that the spouse has obtained his asylum status by making misrepresentations, this entire case then turns on the question of whether or not Ms. Kaur, the Defendant, is a legal permanent resident of the United States.  The Defendant has asked this Court to decide the question of law in her favor in advance of trial. This would be a tremendous saving of time to the Court. If, after full trial, the Court finds that the husband committed a misrepresentation, this same question of law will have to be decided.  This Court should grant the motion on the pleadings and find that the Defendant's legal permanent resident status was valid at the time of her naturalization notwithstanding the alleged the misconduct of her spouse.  The Government could then appeal the question of law if they so desire to the U.S. Court of Appeals.

## CONCLUSION

The Defendant herein was eligible for naturalization at the time of her application, and she remains so today.  Her naturalization should not be revoked. She is a person of good moral character attached to the principles of the Constitution of the United States and well disposed to the happiness and good order of the United States. She has lived continuously in the United States for more than the requisite period of time and, further, has been physically present in the United States for the requisite period of time. She is lawfully admitted for permanent residence pursuant to INA §316 and §318 and, therefore, qualified for naturalization at the time it was granted, on March 20, 2008.

Therefore, it is respectfully request that the judgements be entered on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Date: 01/04/2011                          Respectfully submitted,

                                          /s/ John J. Hykel_____
                                          **JOHN J. HYKEL**
                                          **Co-Counsel for Defendant**
                                          **PA Attorney ID 22884**
                                          **Suite 1300**
                                          **2 Penn Center Plaza**
                                          **1500 JFK Boulevard**
                                          **Philadelphia, PA 19102**
                                          **(215) 405-0555**
                                          **(215) 405-0449 (fax)**
                                          **jhykel@aol.com**

Date: 01/04/2011                          Respectfully submitted,

                                          /s/Renee M. Hykel_____
                                          **RENEE M. HYKEL**
                                          **Co-Counsel for Defendant**
                                          **PA Attorney ID 210046**
                                          **Suite 1300, 2 Penn Center Plaza**
                                          **1500 JFK Boulevard**
                                          **Philadelphia, PA 19102**
                                          **(215) 405-0555**
                                          **(215) 405-0449 (fax)**
                                          **jhykel@aol.com**