# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 11-3868 |
| AMANJEET KAUR,<br>Defendant. | : | |

## MEMORANDUM

STENGEL, J.                                                      July 19, 2012

      The United States seeks to revoke the citizenship of Amanjeet Kaur. Ms. Kaur is a 57-year-old naturalized United States citizen who has lived lawfully in the United States since July 24, 1997. She became a citizen on March 20, 2008. Ms. Kaur's naturalization was predicated on her permanent resident status that was obtained through a grant of asylum to her husband, Surjit Singh. It turns out that Mr. Singh obtained asylum status by fraud and was never a lawful resident of the United States. Because her husband was not a lawful resident of the United States, Ms. Kaur herself was never lawfully admitted as a permanent resident. The law provides that an individual may be "denaturalized" if it is determined that she obtained her naturalization illegally. 8 U.S.C. § 1451(a).

      According to counsel for the government, the government has made a concerted effort to pursue these types of denaturalization cases because "it simply has more resources to do so, and it is very concerned about individuals naturalizing unlawfully." Oral Arg. Tr. at 21. The government admits that Ms. Kaur did not affirmatively act in an

unlawful manner herself, but nonetheless brings this action to denaturalize Ms. Kaur pursuant to 8 U.S.C. § 1451(a) because it has the authority and vast resources to do so. Oral Arg. Tr. at 22. The defendant filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that (1) the government's claim is barred by the statute of limitations, (2) the action is barred under the doctrine of collateral estoppel, (3) the defendant is, in the alternative, entitled to waiver eligibility, and (4) the government's claim must fail as a matter of law because Ms. Kaur did not make any willful misrepresentation or procure her citizenship illegally. For the following reasons, I will deny the defendant's motion.

## I. FACTUAL BACKGROUND[1]

The defendant, Amanjeet Kaur, married Surjit Singh, both natives of India, in 1978. Compl. at ¶ 7. Singh entered the United States in 1993 and was immediately placed in deportation proceedings. Id. at ¶ 8. He was denied asylum in New York in 1996. Id. at ¶ 9. While Singh's appeal of that denial was pending, he filed a second asylum application in San Francisco under a different name and with a different date of birth. Id. at ¶ 10. In his second asylum application, Singh alleged to have been persecuted in India, even though he was living in the United States during the alleged persecution. Id. at ¶ 11. INS granted his second application without being aware that his earlier petition was denied. Id. at ¶ 12.

---

[1] The facts contained herein are taken from the complaint because I must accept as true all of the allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party when deciding a motion for judgment on the pleadings. Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991).

Singh then petitioned for Ms. Kaur to obtain derivative asylee status as his wife. Id. at ¶ 13. The INS also approved this petition and she was admitted to the United States. Id. at ¶ 14. It was only from this original asylum grant to Singh that Ms. Kaur, as his spouse, was able to obtain her derivative status as an asylee sixth months later under 8 C.F.R. § 209.2. Compl. at ¶ 15. Ms. Kaur then filed an application for adjustment of status and obtained lawful permanent resident ("LPR") status on May 27, 2003 as the spouse of an asylee. Id. at ¶ 17. On April 26, 2007, Ms. Kaur filed an application for naturalization, which United States Citizenship and Immigration Services (USCIS) approved on March 7, 2008. Id. at ¶ 18. On March 20, 2008, Ms. Kaur was sworn in as a naturalized citizen of the United States. Id. at ¶ 19.

When Singh applied for lawful permanent resident status after Ms. Kaur was naturalized, the USCIS discovered that he had previously been in removal proceedings under another name and alien number and had an outstanding order for deportation. Id. at ¶ 20. In July 2008, UCSIS denied Singh's application for adjustment of status and issued a notice to Singh, Ms. Kaur, and their four children that rescinded its grant of asylum. Id. at ¶ 22.

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analyzed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Brown v. DaVita, Inc., 2011 WL 5523823, *2 (E.D. Pa. 2011) (*citing* Bangura v. City of Phila., 338 F. App'x 261, 264 (3d Cir. 2009). The movant, in this case the defendant, must establish that no material issue of fact remains to be resolved and that she is entitled to

judgment as a matter of law. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). In reviewing a 12(c) motion, the Court must accept as true all of the allegations in the Complaint and draw all reasonable inferences in favor of the nonmoving party. Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991).

### III. ANALYSIS

The government filed a complaint seeking Ms. Kaur's denaturalization under 8 U.S.C. § 1451(a). The "denaturalization statute," § 1451(a), holds that this court must revoke an individual's naturalization and cancel her Certificate of Naturalization if her naturalization was either (a) illegally procured, or (b) procured by concealment of a material fact or by willful misrepresentation. The government argues that Ms. Kaur's citizenship was illegally procured under the first prong of § 1451(a).

Proceedings may be instituted in the United States District Court in the judicial district in which such person last had her residence. 8 U.S.C. § 1451(a). District courts lack equitable discretion to refrain from entering a judgment of denaturalization against a naturalized citizen whose citizenship was procured illegally. Fedorenko v. United States, 449 U.S. 490, 517 (U.S. 1981). "Once it has been determined that a person does not qualify for citizenship, . . . the district court has no discretion to ignore the defect and grant citizenship." Id. "By the same token, once a district court determines that the Government has met its burden of proving that a naturalized citizen obtained his citizenship illegally . . . it has no discretion to excuse the conduct." Id.

The defendant filed a motion for judgment on the pleadings asserting that this is a case of retaliation by the United States who now moves to strip the citizenship of a law

4

abiding citizen because her spouse, who the government believes committed misrepresentations, is seeking a waiver in removal proceedings based upon the fact that he has a wife who has United States citizenship. The defendant argues that the government's case is legally and factually insufficient and therefore should be dismissed with prejudice because (1) the government's claim is barred by the statute of limitations, (2) the action is barred under the doctrine of collateral estoppel, (3) the defendant is, in the alternative, entitled to waiver eligibility, and (4) the government's claim must fail as a matter of law because Ms. Kaur did not make any willful misrepresentation.

### A. Statute of Limitations

Ms. Kaur asserts that the government's attempt to invalidate her lawful permanent resident ("LPR") status is time-barred based upon her position that the five-year statute of limitations under 8 U.S.C. § 1256 applies to this case. Section 1256 provides, in relevant part, "if, at any time *within five years* after the status of a person has been otherwise adjusted under the provisions of section 245... the Attorney General shall rescind the action taken granting an adjustment of status to such person..." 8 U.S.C. § 1256 (emphasis added). The defendant argues that Ms. Kaur obtained her lawful permanent residence status on May 27, 2002, and therefore, because the government did not move to rescind her status before May 27, 2007, in accordance with INA § 246, the government is time-barred from doing so now.

This reliance on a five-year statute of limitations under § 1256 is misplaced. The statute of limitations in 8 U.S.C. § 1256 applies only to rescinding an individual's lawful permanent resident status. This is not a case about rescinding Ms. Kaur's lawful

permanent resident status. The denaturalization process is not dependent upon her lawful permanent resident status being revoked. Accordingly, there is no statute of limitations for denaturalization. See Schneiderman v. United States, 320 U.S. 118, 174 (1943). If Ms. Kaur was not lawfully admitted to the United States, as the government alleges, she is ineligible to naturalize regardless of whether her lawful permanent resident status is ever rescinded. Accordingly, the defendant's argument that the government is time-barred from attempting to denaturalize Ms. Kaur is without merit.[2]

### B. Collateral Estoppel

Ms. Kaur's son successfully challenged efforts to revoke his citizenship. She contends that the outcome of her son's case estops the government from revoking her citizenship. Collateral estoppel applies when "(1) the identical issue was previously adjudicated, (2) the issue was actually litigated, (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Jean Alexander Cosmetics, Inc. v. L'Oreal USA, 458 F.3d 244, 249 (3d Cir. 2006). Simply stated, Ms. Kaur argues the exact same issue presented in her case was previously adjudicated in her son's naturalization case.

Her son's case was voluntarily dismissed and the issue was never addressed. Because the question of whether Singh's asylum fraud affected his family members' admissibility for naturalization purposes was never litigated in the son's case, collateral estoppel does not preclude the government from pursuing its case against Ms. Kaur as there was never a final adjudication on the merits.

---

[2] At oral argument, defense counsel conceded that the government was correct that there is no statute of limitations for denaturalization. Oral Arg. Tr. at 32.

### C. Waiver Eligibility

The defendant asserts that, in the alternative, because Ms. Kaur's son retains his citizenship status, Ms. Kaur qualifies for waiver eligibility under INA § 237(a)(1)(H) [8 U.S.C. § 1227]. Section 237 provides that the removal provisions "may, in the discretion of the United States Attorney General, be waived for any alien." Only the Attorney General has the discretion under the statute to grant such a waiver, and this court cannot compel a waiver. Should the government agree to waiver eligibility, Ms. Kaur would have a good point. Absent such an agreement, there is no waiver, no matter how compelling the case may be to support her case for similar treatment.

### D. Lack of Illegality by Ms. Kaur

Ms. Kaur notes that she did not procure her citizenship through any illegality, concealment of a material fact, or by willful misrepresentation. Under 8 U.S.C. § 1451, an individual's naturalization can be revoked either because (1) she illegally procured it, or (2) she procured it by concealment of a material fact or willful misrepresentation. The government has alleged only that Ms. Kaur illegally procured her naturalization. The government does not contend that she concealed or misrepresented information.

The defendant asserts that Ms. Kaur did not illegally procure her citizenship because she did not affirmatively engage in conduct that is explicitly prohibited by statute. Under 8 U.S.C. § 1159, the spouse of an asylee may adjust her status to that of lawful permanent resident if she derived her spouse's lawfully-obtained asylum status. The government alleges that Ms. Kaur was ineligible for her asylum status because she obtained it as a result of Singh's fraudulent asylum application and, because her lawful

7

permanent resident status was predicated upon the same fraud, Ms. Kaur was never lawfully admitted as a permanent resident of the United States, rendering her ineligible to naturalize. The government alleges that Ms. Kaur was not eligible for naturalization, and therefore, her naturalization can be revoked under 8 U.S.C. § 1451(a) because it was illegally procured. As this early stage, the government has met its burden to establish an illegality and the defendant's motion is denied without prejudice on this ground.

## IV. CONCLUSION

For the foregoing reasons, I will deny the motion for judgment on the pleadings. The defendant's statute of limitations, collateral estoppel, and waiver eligibility arguments are without merit and her motion for judgment on the pleadings on these issues is denied with prejudice. The defendant's argument that Ms. Kaur did not procure her citizenship through an illegality is denied without prejudice to re-raise the issue after conducting discovery.

An appropriate Order follows.