IN THE UNITED STATES DISTRICT COURT
EASTERN DISTERICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:11-cv-3868-LS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM IN LAW** |
| | ) | **IN SUPPORT OF** |
| AMANJEET KAUR, | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| Defendant. | ) | |
| | ) | |

### INTRODUCTION

The United States moves this Court for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) in this action seeking an order of denaturalization against Defendant Amanjeet Kaur ("Kaur"). Kaur's citizenship was revocable from the start. As a result of her husband's asylum fraud –to which both she and her husband admitted in signed government statements – she was never lawfully admitted to the United States when she naturalized. Because Kaur obtained her citizenship as an individual who lacked lawful permanent resident status at the time she naturalized, she naturalized illegally, and this Court must issue a denaturalization order.

### BACKGROUND

Kaur, a native of India, married Surjit Singh ("Singh"), also a native of India, on December 14, 1978. (Ex. 1, Kaur's Naturalization Application, Part 8.A.) On May 1, 1993, Singh entered the United States without inspection, and was immediately placed in deportation proceedings. (Ex. 2, Order to Show Cause.) Singh filed an asylum application in New York,

which an immigration judge denied on May 9, 1996. (Ex. 3, Singh's I-601, Application for Waiver of Ground of Inadmissibility.) On October 7, 1996, while Singh's appeal of that denial was pending, he filed a second asylum application. (Ex. 4, December 3, 1996 letter from USCIS.) Singh filed the second application in San Francisco under the name "Sukhjit" Singh – a different spelling of his own name – along with a different date of birth. (*Id.*) In his second asylum application, Singh alleged to have been persecuted in India, even though he was living in the United States during the alleged persecution. (*Id.*)

The former Immigration and Naturalization Service ("INS")[1] granted Singh's second asylum application on December 3, 1996. (Ex. 4.) The Government officer who approved the application was not aware that Singh had already sought asylum unsuccessfully in another jurisdiction, or that he had been placed in deportation proceedings in 1993. (*Id.*) Singh failed to provide this information on his second asylum application, as he was required to do.

On January 28, 1997, Singh – using the name "Sukhjit Singh" – petitioned for Kaur to obtain derivative asylee status. (Ex. 5, Refugee/Asylee Relative Petition, Form I-730.) The former INS approved Singh's Form I-730 on February 25, 1997, and Kaur was admitted to the United States on July 24, 1997, as a derivative asylee. (Ex. 6, Kaur's Form I-485, Application to Adjust Status.) It was only from Singh's fraudulently-obtained asylum status that Kaur, as his spouse, was able to obtain her derivative status.

After filing a Form I-485, Application for Adjustment of Status, Kaur was granted legal permanent resident ("LPR") status on May 27, 2003, as an AS-7 (spouse of an asylee). (Ex. 1.)

---

[1] On March 1, 2003, the INS was abolished and its functions were transferred to various agencies within the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.

2

The regulation at 8 C.F.R. § 209.2 permits an asylee to adjust her status to that of lawful permanent resident, provided that she: (1) has been physically present in the United States for at least one year after having been granted asylum; (2) continues to be a refugee, as that term is defined under 8 U.S.C. § 1101(a)(42), or – like Kaur – is the spouse or child of a refugee; and, (3) is admissible to the United States.

On April 26, 2007, Kaur filed an Application for Naturalization (N-400), which the United States Citizenship and Immigration Services ("USCIS") approved on March 7, 2008. (Ex. 1.)  On March 20, 2008, Kaur was sworn in as a naturalized citizen of the United States. (Ex. 7, Certificate of Naturalization.)

When Singh applied for lawful permanent resident status after Kaur naturalized, USCIS discovered that he had previously been placed in removal proceedings under another name and alien number, and that he had an outstanding order of deportation.  Upon learning about Singh's fraud, USCIS issued a notice to Singh, Kaur, and their four children rescinding – as of July 2, 2008 – its grant of asylum to each of them.  (Ex. 7, Rescission Notice to Singh.)  The next day, on July 3, 2008, USCIS denied Sing's application for adjustment of status.  (Ex. 4.)

On June 26, 2008, Singh filed an I-601, Application for Waiver of Grounds of Inadmissibility. (Ex. 8, I-601, Application for Waiver of Grounds of Inadmissibility.)  In a signed statement that accompanied the application, Singh admitted to applying for asylum status in 1996 under a new name after his first asylum application was denied, and stated, "I am sorry for what I have done." (*Id*.)  The waiver application also included a signed statement from Kaur, in which she also admitted that Singh applied for asylum status using two different names, and that he "was wrong in doing this." (*Id*.)

The Government filed its complaint seeking Kaur's denaturalization on June 13, 2011. (Complaint, ECF No. 1.)  The Government alleges only that Kaur illegally procured her naturalization because she was never lawfully admitted as a permanent resident of the United States, and is therefore subject to denaturalization under 8 U.S.C. § 1451(a).  (*Id*. at ¶¶ 27-30.)

## STANDARDS OF REVIEW

### A.  Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the record demonstrates that no genuine issue of material fact exists, and therefore, the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).  Summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322.  A district court has an "affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial.'"  *Id.* at 323.

### B.     Denaturalization Standard

As the Supreme Court declared many years ago, "[n]o alien has the slightest right to naturalization unless all statutory requirements are complied with." *United States v. Ginsberg*, 243 U.S. 472, 475 (1917).  However, once citizenship has been conferred, it should not be taken away without the clearest of proof.  *See Fedorenko v. United States*, 449 U.S. 490, 505 (1981). These two competing principles combine to reflect the importance of the  issues at stake – for the citizen as well as the Government – in a denaturalization proceeding. *Id*. at 507.  Even so, it is apparent that "there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship.  Failure to comply with any of these conditions renders the

4

citizenship 'illegally procured,' and naturalization that is unlawfully procured can be set aside." *Fedorenko*, 449 U.S. at 506.  Indeed, once a court has determined that the government has met its burden of proving that a naturalized citizen obtained his citizenship illegally, or by concealing a material fact or willfully misrepresenting facts, the court has no discretion to excuse the conduct and must enter a judgment of denaturalization.  *See U.S. v. Norris*, 749 F.2d 1116, 1122 (4th Cir. 1984) (citations omitted).

The denaturalization statute, 8 U.S.C. § 1451(a), provides for the basis to revoke an order admitting a person to citizenship and to cancel the person's certificate of naturalization if the order and certificate of naturalization were either (1) illegally procured, or (2) procured by concealment of material fact or by willful misrepresentation.  Naturalization is "illegally procured" when the individual was statutorily ineligible before she became a naturalized citizen.  *Federenko*, 449 U.S. at 506.  The Government is bound by no statute of limitations in bringing denaturalization proceedings.  *Schneiderman v. United States*, 320 U.S. 118, 174 (Stone, C.J., dissenting) (1943).

## ARGUMENT

The evidence in this case is indisputable: Kaur obtained her permanent resident status as a result of her husband's admitted asylum fraud. Because she was never a lawful permanent resident, she naturalized illegally and is therefore subject to denaturalization. Thus, this Court must grant summary judgment in favor of the United States.

As an applicant for naturalization, Kaur was required to establish that she was lawfully admitted for permanent residence to the United States. *See* 8 U.S.C. § 1429 ("no person shall be naturalized unless he was been lawfully admitted to the United States for permanent residence . . . ."); *see also* 8 U.S.C. § 1427(a). A person must strictly comply with all of the congressionally-mandated requirements for naturalization; noncompliance results in the illegal procurement of naturalization and subjects the person to denaturalization proceedings under 8 U.S.C. § 1451(a). *See*, *e.g.*, *U.S. v. Szehinskyj*, 277 F.3d 331, 334 (3d Cir. 2002). The Immigration and Nationality Act defines the term "lawfully admitted for permanent residence" to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant *in accordance with the immigration laws*, such status not having changed." 8 U.S.C. § 1101(a)(20) (emphasis added).

Here, Kaur was ineligible for her derivative asylee status because it was based on the fraudulent asylum status that Singh, her husband, obtained as the principal. (Exs.. 4.-6, 7, 8.) In fact, Kaur and Singh each confessed that Singh filed a fraudulent asylum claim. (Ex. 7.) Because Kaur's later status as a permanent resident was predicated upon the same fraud, Kaur was never lawfully admitted as a permanent resident of the United

6

States.  It follows that because Kaur was not lawfully admitted to the United States, she was ineligible to naturalize.  *See* 8 U.S.C. §§ 1427(a); 1429.  Thus, this Court must revoke her naturalization, as provided for in 8 U.S.C. § 1451(a).

## CONCLUSION

Because Kaur obtained her naturalization illegally and no issues of material fact remain, the Government respectfully requests that this Court grant its motion for summary judgment and enter an order revoking and setting aside the order admitting Kaur to United States citizenship.  The Government also requests this Court to forever enjoin Kaur from claiming any rights, privileges, or advantages under any document evidencing United States citizenship obtained as a result of this naturalization.  Finally, the United States requests that this Court cancel Kaur's Certificate of Naturalization, and order her to surrender and deliver her Certificate and other indicia of United States citizenship, including her United States passport, to the Secretary of Homeland Security or her designated representative.

//
//
//
//
//
//
//
//
//

Respectfully submitted this 16th day of August, 2013.

Dated:  August 16, 2013                                  Respectfully submitted,

STUART F. DELERY                                         /s/ *Stacey I. Young*
Assistant Attorney General                               STACEY I. YOUNG
Civil Division                                           Trial Attorney
                                                         District Court Section
DAVID J. KLINE                                           Office of Immigration Litigation
                                                         Civil Division
WILLIAM C. SILVIS                                        U.S. Department of Justice
Senior Litigation Counsel                                P.O. Box 868, Ben Franklin Station
Office of Immigration Litigation                         Washington, DC  20044
District Court Section                                   Telephone:  (202) 305-7171
                                                         Facsimile:  (202) 305-7000
                                                         E-mail:  Stacey.young@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013, I electronically filed Plaintiff's Motion for Summary Judgment through the CM/ECF system for the United States Court of Appeals for the Ninth Circuit.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    s/ Stacey I. Young
    STACEY I. YOUNG
    Trial Attorney
    United States Department of Justice
    Civil Division
    Office of Immigration Litigation
    District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Telephone: (202) 305-7171
    Dated:  August 8, 2013
    E-mail: stacey.young@usdoj.gov