IN THE UNITED STATES DISTRICT COURT
EASTERN DISTERICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:11-cv-3868-LS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **PLAINTIFF'S RESPONSE TO** |
| ) | **DEFENDANT'S MOTION** |
| ) | **FOR SUMMARY JUDGMENT** |
| AMANJEET KAUR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Defendant Amanjeet Kaur's numerous attempts in her Motion for Summary Judgment to complicate the issues in this case are unavailing. The only relevant matter is that Kaur's citizenship was revocable from the start: because her permanent resident status was premised on her husband's asylum fraud, she was not lawfully admitted to the United States when she naturalized. Consequently, her naturalization was illegally procured, and this Court must issue a denaturalization order.

    To be clear, Kaur misconstrues the denaturalization standard when she asserts that only in "cases where the *conduct of the person* was contrary to the statutorily proscribed behavioral requirements for citizenship and such behavior was intentionally concealed by the applicant at the time of naturalization has it been held that citizenship was 'illegally procured. . . .'" (Kaur Motion for Summary Judgment ("Kaur's Motion") at 6 (emphasis in original).) Kaur's insinuation that denaturalization may only result from an individual's nefarious or intentional conduct is incorrect. Under 8 U.S.C. § 1451(a), an

1

individual's naturalization is "illegally procured" when she was statutorily ineligible to receive it.  *Fedorenko v. United States*, 449 U.S. 490, 506 (1981).

To establish her eligibility for naturalization, Kaur was required to demonstrate that she was lawfully admitted for permanent residence to the United States.  *See* 8 U.S.C. § 1429 ("no person shall be naturalized unless he was been lawfully admitted to the United States for permanent residence . . . ."); *see also* 8 U.S.C. § 1427(a).[1]  The single and dispositive issue in this case is that Kaur was ineligible for her derivative asylee status because it was based on the fraudulent asylum status that Surjit Singh, her husband, obtained as the principal.  (Plaintiff's Motion for Summary Judgment at Exs. 4.-6, 7, 8.)  That the Government does not allege that Kaur engaged in any intentional conduct is irrelevant because the statute does not require it to do so.[2]  *See Szehinskyj*, 277 F.3d at 335 (denaturalization based on unlawful procurement of visa requires neither

---

[1] A person must strictly comply with all of the congressionally-mandated requirements for naturalization; noncompliance results in the illegal procurement of naturalization and subjects the person to denaturalization proceedings under 8 U.S.C. § 1451(a).  *See*, *e.g.*, *U.S. v. Szehinskyj*, 277 F.3d 331, 334 (3d Cir. 2002).  The Immigration and Nationality Act defines the term "lawfully admitted for permanent residence" to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant *in accordance with the immigration laws*, such status not having changed."  8 U.S.C. § 1101(a)(20) (emphasis added).

[2] Even if Kaur were unaware of her husband's asylum fraud at the time he committed it, she would still be subject to denaturalization.  As the First Circuit held, where an individual who became a permanent resident obtained that status through the fraud of third parties and without the individual's knowledge or participation, "it is not determinative that Petitioner [her]self intended to commit fraud in obtaining admission to the United States for permanent residence" because she had not been "lawfully admitted" in any event.  *Walker v. Holder*, 589 F.3d 12, 20-21 (1st Cir. 2009).  The Ninth Circuit similarly held that aliens had never been lawfully admitted as permanent residents after a corrupt INS agent altered records to show, falsely, that their father was entitled to a visa as a skilled worker.  *Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010).  Their permanent resident status was not valid, even though the aliens had no idea of the fraud perpetrated on their behalf.  *Id.* at 1215-16.

willful misrepresentations nor fraudulent intent); *United States v. Schmidt*, 923 F.2d 1253, 1269 (7th Cir. 1991) (the Immigration and Nationality Act requires denaturalization for any failure of a condition precedent to the naturalization). The fact that Kaur's permanent resident status was not lawful because it was premised on her husband's asylum fraud – which Kaur does not contest in her summary judgment motion and which she and her husband, Surjit Singh, admitted to the Government in 2008[3] – is enough to demonstrate that she "illegally procured" her naturalization, and that she is therefore subject to denaturalization.[4]

Each of Kaur's efforts to distract this Court from the fact that she illegally procured her naturalization is unpersuasive. First, Kaur alleges that because the Government has not initiated denaturalization proceedings against her son – Ranjodh Singh – whose naturalization was also premised on Surjit Singh's asylum fraud, Kaur's naturalization is somehow lawful.[5] Kaur's Motion at 4, 6-9. The Government indeed has not yet pursued denaturalization proceedings against the Ranjodh Singh, but that is inapposite for purposes of this case. Nothing in 8 U.S.C. § 1451 or elsewhere requires the Government to pursue denaturalization proceedings against every individual who may qualify; it is fully within the Government's discretion as to whether to pursue

---

[3] Both Kaur and her husband confessed in separate statements contained in Singh's I-601, Application for Waiver of Ground of Inadmissibility, that Singh filed a fraudulent asylum claim. (Plaintiff's Motion for Summary Judgment, Ex. 3.)

[4] Kaur's claim that the Government's rescission of her derivative asylum status was unlawful is not an issue before the Court. Rescision of an individual's asylum status or permanent resident status is not necessary for a finding that she obtained her status unlawfully.

[5] Kaur's assertion that the Govenrment has argued that Ranjodh Singh's naturalization was legally obtained is inaccurate. It has not made such a statement, and it does not assert that Ranjodh Singh's naturalization was legally obtained.

denaturalization.  *See*, *e.g.*, *Valerio v. U.S. I.N.S.*, 86 F.Supp.2d 1009, 1012 at fn. 3 (D. HI 1999) ("The decision whether to institute denaturalization proceedings is discretionary."). Thus, the Government's decision to not pursue denaturalization proceedings against anyone other than Kaur bears no weight on whether Kaur is subject to denaturalization.

Second, Kaur's claim that the Government may not pursue denaturalization because it did not initiate proceedings within two years is wholly incorrect.  The Government is bound by no statute of limitations in bringing denaturalization proceedings.  *Schneiderman v. United States*, 320 U.S. 118, 174 (Stone, C.J., dissenting) (1943).  Kaur directs the Court to former 8 C.F.R. § 340.1, which – as Kaur concedes – was repealed in 2011.  Even assuming, *arguendo*, that the regulation's repeal was not an issue, it did not concern denaturalization and is therefore inapplicable.  As the former regulation's title – "Reopening of a naturalization application by a district director pursuant to section 340(h) of the Act" – makes clear, it concerned the United States Citizenship and Immigration Services' ability to *sua sponte* move to reopen naturalization proceedings administratively, not the authority of United States attorneys to initiate denaturalization proceedings in federal court under 8 U.S.C. § 1451.  Because there is no statute of limitations in denaturalization cases, the Government's timing in initiating this lawsuit has no effect on whether this Court should revoke Kaur's naturalization.

Third, Kaur's claim that this Court should dismiss the case because the Government was aware of Surjit Singh's asylum fraud before Kaur's naturalization is also a nonstarter.  As the Government revealed during discovery, it learned about Surjit Singh's fraud in April of 2008, only *after* Kaur naturalized.  Kaur's Motion at 6.  When

the Government discovered the fraud, however, is irrelevant for denaturalization purposes.  Kaur obtained her naturalization through her husband's asylum fraud.  Regardless of whether the Government discovered this before or after Kaur naturalized, she is subject to denaturalization under 8 U.S.C. § 1451 because she illegally procured her citizenship.

Finally, and perhaps most implausibly, Kaur claims that this Court has the discretion to waive Kaur's illegal procurement.  In pointing to 8 U.S.C. § 1421(c), a wholly inapplicable provision that allows an alien to seek review of a naturalization denial in federal court, Kaur alleges that "this Court has the same discretionary jurisdiction . . . to waive any requirement of lawful admission for permanent residence of Ms. Kaur and to grant her naturalization."[6]  Kaur's Motion at 14-15.  To the extent Kaur argues that this Court – if it determines that Kaur did not meet the requisite criteria for naturalization – has any discretion as to whether to order Kaur denaturalized, she is wrong.  *Fedorenko*, 449 U.S. at 517 (when a district court determines that an order and certificate of naturalization were illegally procured, it is compelled to enter a judgment of denaturalization.)

Because the Government – through documentary evidence – has met its burden of providing that Kaur illegally procured her naturalization and no issues of material fact remain, the Government respectfully requests that this Court deny Kaur's motion for summary judgment and grant summary judgment in favor of the Government.

---

[6] Kaur also cites to 8 U.S.C. § 1227(a)(1)(H) and appears to suggest that under the provision, this Court may apply a fraud waiver to Kaur as the "mother of a permanent resident of the mother of a U.S. citizen."  Kaur's Motion at 14.  However, this provision concerns a waiver of inadmissibility which may be used "in the discretion of the Attorney General," not a court.  8 U.S.C. § 1227(a)(1)(H).  Thus, it is inapplicable.

Respectfully submitted this 29th day of August, 2013.

| | |
|---|---|
| Dated: August 29, 2013 | Respectfully submitted, |
| STUART F. DELERY<br>Assistant Attorney General<br>Civil Division | /s/ *Stacey I. Young*<br>STACEY I. YOUNG<br>Trial Attorney<br>District Court Section |
| DAVID J. KLINE<br>Director<br>Office of Immigration Litigation<br>District Court Section<br>WILLIAM C. SILVIS<br>Senior Litigation Counsel<br>Office of Immigration Litigation<br>District Court Section | Office of Immigration Litigation<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC  20044<br>Telephone:  (202) 305-7171<br>Facsimile:  (202) 305-7000<br>E-mail:  Stacey.young@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2013, I electronically filed Plaintiff's Response to Defendant's Motion for Summary Judgment through the CM/ECF system for the United States District Court for the Eastern District of Pennsylvania. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

    <u>s/ Stacey I. Young</u>
    STACEY I. YOUNG
    Trial Attorney
    United States Department of Justice
    Civil Division
    Office of Immigration Litigation
    District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Telephone: (202) 305-7171
    Dated:  August 29, 2013
    E-mail: stacey.young@usdoj.gov